SOUTHERN DISTRICT OF MISSISSIPPI
FILED

JUN 11 2020

ARTHUR JOHNSTON
BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | | |
|---|---|---|
| DERRICK B. TARTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 5:20-CV-00094-DCB-MTP |
| | ) | |
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## PRO SE DEFENDANTS LEONARD J. MARSICO and NATHAN R. PITTMAN'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants Leonard J. Marsico[1] and Nathan R. Pittman ("Messrs. Marsico and Pittman" or "Defendants"), both, pro se, hereby submit this memorandum in support of their motion to dismiss, with prejudice, the complaint ("Complaint") filed by Plaintiff Derrick B. Tartt ("Plaintiff") as to them pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6).[2] The grounds for this motion are set forth below.

## INTRODUCTION

In a rambling, largely incoherent, 171-page, 636-paragraph Complaint, Plaintiff claims to seek "to recover the rights and benefits of military and civilian employment denied in a conspiracy by the United States of America" and "freedom and reparations for abuse and torture." *See* ECF No. 1-1 ¶ 1. Plaintiff's Complaint attempts to name[3] nearly 90 Defendants and purports to include as Defendants another "97 plus not named and unknown federal and state

---

[1] In his Complaint, Plaintiff spells Mr. Marsico's last name incorrectly, as "Maarisico." *See* ECF No. 1, Part I.B..

[2] Defendants do not request an oral hearing on this motion under L.U.Civ.R. 7(b)(6)(A).

[3] This Court has listed on its docket as defendants only the five defendants Plaintiff listed in Part I.B of his Pro Se 2, form Complaint and Request for Injunction. See ECF No. 1, Part I.B.

of Illinois agents", including the United States of America, the U.S. Departments of Justice, Treasury and Defense, Clerks of the Supreme Court of the United States, several former or sitting Judges of the U.S. Court of Appeals for the Seventh Circuit Court, several Judges of the U.S. District Court for the Northern District of Illinois, Attorney General William Barr and former Attorney General Jeff Session, among so many others. ECF No. 1-1 ¶ 2. The Complaint also invokes over 60 statutes, yet fails to set forth *any* cognizable causes of action. *See* ECF Nos. 1-1 and 1-2 *generally*.

In 2013, Plaintiff filed a largely similar complaint in the United States District Court for the Northern District of Illinois (the "Illinois Action"), which the District Court dismissed *sua sponte*. *See Tartt v. Magna Health Systems et al.*, Case No. 1:13-cv-8191 (N.D. Ill.) ECF No. 158 (Aug. 19, 2014 Memorandum Opinion and Order). The Seventh Circuit not only affirmed the dismissal of the Illinois Action, but sanctioned Plaintiff for filing a frivolous appeal of that dismissal and forbade the filing of *any* other papers by the Plaintiff in the courts of the Seventh Circuit unless the sanction was paid. *See id.*, ECF No. 254 (Feb. 14, 2017 Order of 7th Circuit).

In 2019, Plaintiff filed another largely similar complaint in the United States District Court for the District of Columbia (the "D.C. Action") which the court on motion of several of the defendants dismissed with prejudice. *See Tartt v. United States*, Case No.: 1:19-cv-01615-TJK (D.D.C.) ECF No. 53. The D.C. Circuit summarily affirmed the dismissal and has denied a petition for rehearing. *See Tartt v. United States*, Case No. 19-5308 (D.C. Cir., Mar. 6, 2020). The D.C. Action saw the addition of the scandalous allegation of a non-existent fraudulent conspiracy in the dismissal of the Illinois Action, and the inclusion as Defendants of the Honorable Robert M. Dow, Jr., the United States District Judge in Illinois who dismissed the Illinois Action, nine sitting or former Seventh Circuit Court of Appeals Judges, and several

attorneys who successfully represented several of the medical defendants in the Illinois Action, including David Pivnick, a partner of Your Defendants, Messrs. Marsico and Pittman. The allegations in the D.C. Action against the attorneys in the Illinois Action, without citing a single fact in support, claimed in conclusory fashion that they committed a fraud on the court and engaged in a conspiracy to violate various federal laws by virtue of successfully representing their clients in the Illinois Action.

Your Defendants, Messrs. Marsico and Pittman, successfully defended Mr. Pivnick in the D.C. Action, which is their only "connection" to the case before this Court. In fact, their names are not even mentioned once in the body of the 171-page Complaint. *See* ECF 1-1, 1-2, *generally.*

Notwithstanding the convoluted nature of the Complaint and the absence of any allegations against Messrs. Marsico and Pittman, it is clear that (1) the Court lacks personal jurisdiction over them; (2) the Court lacks subject matter jurisdiction over the Complaint; and (3) Plaintiff fails to state a claim for relief against them. Thus, Messrs. Pittman and Marsico respectfully requests that this Court grant their motion and dismiss the claims against them with prejudice.

## STANDARD OF REVIEW

### I.      Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss under Rule 12(b)(1) challenging subject matter jurisdiction provides "'threshold grounds for denying audience to a case on the merits,' and require[s] that the courts reach the threshold claims before reaching claims on the merits." *Pervasive Software, Inc. v. Lexware GMBH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584-85 (1999)). On a motion to dismiss for lack of subject-matter

jurisdiction, the plaintiff bears the burden of establishing that the court has subject-matter jurisdiction. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). The court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion because subject-matter jurisdiction focuses on the court's power to hear the claim. *See Verde Minerals, LLC v. Burlington Res. Oil & Gas Co.,* 2017 WL 95335076, at *2 (S.D. Tex. June 30, 2017 (citing *Macharia v. United States,* 334 F.3d 61, 64, 69 (D.C. Cir. 2003)). In deciding a motion to dismiss challenging the Court's subject-matter jurisdiction under Rule 12(b)(1), a court must "accept as true the facts alleged in the complaint or pleadings, together with all reasonable inferences therefrom, to determine whether the allegations state any basis for legal relief," *Ingebretsen v. Jackson Public Sch. Dist.,* 864 F. Supp. 1473 (S.D. Miss 1994), except allegations that "make unsupported conclusions, unwarranted inferences or deductions, or sweeping legal conclusions in the form of factual allegations," *Hodge v. Texaco USA,* 761 F. Supp. 27, 28 (W.D. La. 1990). Ultimately, where subject-matter jurisdiction does not exist, "the court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Env.t,* 523 U.S. 83, 94, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998).

## II.     Federal Rule of Civil Procedure 12(b)(2)

When personal jurisdiction is challenged, "[e]ach defendant's contacts with the forum must be analyzed individually" and "the plaintiff bears the ultimate burden of showing that the nonresident defendant is subject to personal jurisdiction in the forum state." *Logan Int'l Inc. v. 1556311 Alberta Ltd.,* 929 F. Supp. 2d 625, 630-31 (S.D. Tex. 2012). "The party who attempts to invoke the jurisdiction of the court bears the burden of establishing a *prima facie* case of personal jurisdiction over the defendant," and while "the allegations in the plaintiff's complaint

must be taken as true," the "*prima facie*-case requirement does not require the court to credit conclusory allegations, even if uncontroverted." *Tellus Operating Group, LLC v. R & D Pipe Co.*, 277 F. Supp. 2d 604, 606 (S.D. Miss. 2005) (quotation marks omitted).

This Court whether exercising diversity of federal question jurisdiction must apply the law of Mississippi, and therefore personal jurisdiction over a defendant can be exercised to the same extent that the State of Mississippi forum could. *Unified Brands, Inc. v. Teders*, 868 F. Supp. 2d 572, 576 (S.D. Miss. 2012). "In order for a Mississippi court to exercise personal jurisdiction over a non-resident defendant, the plaintiff must first demonstrate that the defendant falls within one of the three prongs of the Mississippi long-arm statute." *Tellus Operating Group v. R & D Pipe*, at 606. "These include the 'tort prong,' the 'contract prong,' or the 'doing business prong' of the state's statute." *Id.* at 606-07 (citing Miss. Code Ann. § 13-3-57). Plaintiff does not allege any breach of contract or claim based on Defendants conducting business in Mississippi. Thus, "[u]nder the tort prong of the Mississippi long-arm statute, personal jurisdiction is proper if any element of the tort (or any part of any element) takes place in Mississippi." *Allred v. Moore & Peterson*, 117 F.3d 278, 282 (5th Cir. 1997).

If a plaintiff establishes that Mississippi's long-arm statute encompasses the defendant's activities, "the plaintiff must also ensure that the state's exercise of personal jurisdiction over the defendant would be permissible under the Fourteenth Amendment['s]" due process clause. *Tellus Operating Group, LLC*, 277 F. Supp. 2d at 607. "The exercise of personal jurisdiction over a nonresident defendant comports with due process principles only when two requirements are met. First, the nonresident defendant must have 'purposefully availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with that forum state.'" *Allred*, 117 F.3d at 285 (quoting *Felch v. Transportes Lar-Mex, Sa De CV*, 92 F.3d 320, 323 (5th

5

Cir. 1996). "Second, the exercise of personal jurisdiction over the nonresident defendant 'must

not offend traditional notions of fair play and substantial justice.'" *Id.* (quotation marks

omitted). That is, "the 'defendant's conduct in connection with the forum state must be such that

he should reasonably anticipate being haled into court there.'" *Tellus Operating Group, LLC,*

277 F. Supp. 2d at 607 (quoting *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291

(1980)).

## III.    Federal Rule of Civil Procedure 12(b)(6)

A district court may dismiss a claim under Rule 12(b)(6) if, having accepted all factual

allegations as true, the plaintiff nonetheless fails to state "plausible grounds" for relief. *Bell Atl.*

*Corp. v. Twombly,* 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "The

plausibility standard ... asks for more than a sheer possibility that a defendant has acted

unlawfully." *B & C Const. and Equip., LLC v. Ovella,* 880 F. Supp. 2d 735, 738 (S.D. Miss.

2012) (quoting *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009)). Thus,

"[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

factual allegations . . . a plaintiff's obligation to provide the grounds of his entitlement to relief

requires more than labels and conclusions, and a formulaic recitation of the elements of a claim

will not do." *Twombly,* 550 U.S. at 555.

In *Iqbal,* the Supreme Court of the United States further explained the plausibility

standard for analyzing a motion to dismiss under Rule 12(b)(6):

> Two working principles underlie our decision in *Twombly.* First, the tenet that a court
> must accept as true all of the allegations contained in a complaint is inapplicable to legal
> conclusions. Threadbare recitals of the elements of a claim, supported by mere
> conclusory statements, do not suffice. (Although for the purposes of a motion to dismiss
> we must take all of the factual allegations in the complaint as true, we are not bound to
> accept as true a legal conclusion couched as a factual allegation). Second, only a
> complaint that states a plausible claim for relief survives a motion to dismiss.

> Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. ... While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.

*Iqbal*, 129 S. Ct. 1937, 1940 (quotations and citations omitted).

### IV. *Pro Se* Litigants

The pleadings of pro se parties "[are] to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 92, 127 S. Ct. 2197, 2199, 167 L. Ed. 2d 1081 (2007) (internal quotation marks and citations omitted). However, "[e]ven a liberally construed *pro se* ... complaint, however, must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

## ARGUMENT

### I. The Court Does Not Have Personal Jurisdiction Over Messrs. Marsico and Pittman.

First and foremost, this Court lacks general and specific personal jurisdiction over Messrs. Marsico and Pittman because they do not have continuous or systematic contact with the State of Mississippi and the activities alleged in the Complaint have no meaningful connection to this jurisdiction. The Complaint should be dismissed on this basis alone.

Plaintiff bears the burden of establishing a factual basis for exercising personal jurisdiction over Messrs. Marsico and Pittman. *See Tellus Operating Group, LLC*, 277 F. Supp. 2d at 606. Further, Plaintiff must make a prima facie showing of facts supporting jurisdiction, alleging specific acts connecting each defendant with the forum. *See Logan Int'l Inc.*, 929 F. Supp. 2d at 630-31. Conclusory statements and bare allegations are not sufficient to carry Plaintiff's burden. *Tellus Operating Group, LLC*, 277 F. Supp. 2d at 606.

Here, Plaintiff has not – and cannot – allege any facts to support a finding that the Court has general or specific personal jurisdiction over Messrs. Marsico and Pittman. First, the Court does not have general personal jurisdiction over them because they do not reside or work in the State but instead work in and around the District of Columbia and reside, respectively, in the Commonwealth of Virginia and the District of Columbia; and they do not have continuous or systematic contacts with the State of Mississippi. *See Daimler AG v. Bauman*, 571 U.S. 117, 126 (2014). Second, the Court does not have specific personal jurisdiction over Messrs. Marsico and Pittman in this matter because Plaintiff fails to allege a single contact with this forum which gives rise to his "claims". Instead, Plaintiff alleges fraud on the court and conspiracy in connection with a 2013 case in federal court in Illinois with no nexus to Mississippi whatsoever and against individuals who, for the purposes of personal jurisdiction, are strangers to the State.

Plaintiff has thus failed to make a prima facie showing of jurisdictional facts or allege any basis for personal jurisdiction over Messrs. Marsico and Pittman, and the Complaint must be dismissed as to them. *See Paternostro v. Dow Furnace Co.*, 848 F. Supp. 706, 710 (S.D. Miss. 1994) (dismissing action where defendant had "no contacts with Mississippi"—either related to the claim or otherwise).

## II. The Court Does Not Have Subject Matter Jurisdiction Over Claims Against Messrs. Marsico and Pittman.

This Court does not have subject-matter jurisdiction over the claims against Messrs. Marsico and Pittman because (1) Plaintiff's claims are "essentially fictitious" or otherwise "fanciful"; (2) Plaintiff fails to plead any federal questions in his Complaint against them and (3) Plaintiff fails to allege facts to satisfy diversity jurisdiction.

First, federal courts have found that claims that are "wholly insubstantial or frivolous" lack subject matter jurisdiction to be heard. *See Steel Co. v. Citizens for a Better Environment,*

523 U.S. 83, 89, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998). Dismissal for lack of subject-matter

jurisdiction is proper when the claim is "so insubstantial, implausible, foreclosed by prior

decisions of this Court, or otherwise completely devoid of merit as not to involve a federal

controversy." *Oneida Indian Nation of N.Y. v. County of Oneida,* 414 U.S. 661, 666, 94 S. Ct.

772, 777, 39 L. Ed. 2d 73 (1974); *see also Romero v. International Terminal Operating Co.,* 358

U.S. 354, 359, 79 S. Ct. 468, 473, 3 L. Ed. 2d 368 (1959). "A patently insubstantial complaint

may be dismissed . . . for want of subject-matter jurisdiction under Federal Rule of Civil

Procedure 12(b)(1). *Baker v. White,* 30 F.3d 1491, *1 n.3 (5th Cir. 1994) (quoting *Neitzke v.*

*Williams,* 490 U.S. 319, 327 n.6 (1989)). In decisions eerily apposite to this case, it has been

decidedly held that claims that are "essentially fictitious" or otherwise "fanciful claims" such as

those that allege "bizarre conspiracy theories, any fantastic government manipulations of their

will or mind, [or] any sort of supernatural intervention" warrant a dismissal under Rule 12(b)(1)

for lack of subject matter jurisdiction. *Id.* at 330–31; *see also Bray v. Alexandria Women's*

*Health Clinic,* 506 U.S. 263, 285, 113 S. Ct. 753, 767–768, 122 L. Ed. 2d 34 (1993); *The Fair v.*

*Kohler Die & Specialty Co.,* 228 U.S. 22, 25, 33 S. Ct. 410, 411–412, 57 L. Ed. 716 (1913). In

other words, a claim that is "so attenuated and insubstantial as to be absolutely devoid of merit"

should be dismissed. *Newburyport Water Co. v. Newburyport,* 193 U.S. 561, 579, 24 S. Ct. 553,

48 L. Ed. 795 (1904). A cursory read through any portion of Plaintiff's Complaint reveals that

Plaintiff's claims are exactly the type of "bizarre conspiracy theory" that warrant dismissal under

Rule 12(b)(1).

Although the authority above provides an independent ground to dismiss Plaintiff's

claims for lack of subject matter jurisdiction, the Court does not have subject matter jurisdiction

under any traditional analysis, either. Under 28 U.S.C. § 1331, "[t]he district courts shall have

original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law within the meaning of § 1331 ... if a well-pleaded complaint establishes that either federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Empire HealthChoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 689-90 (2006) (internal quotations omitted). As a general rule, federal law must create the cause of action for a complaint to be valid under § 1331. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 312 (2005) (noting that a claim under 42 U.S.C. § 1983 appropriately is pled in federal court under § 1331). A federal district court does not have federal question jurisdiction under § 1331 if the claims are based solely on state law. *See Pan Am. Petroleum Corp. v. Superior Court of Delaware,* 366 U.S. 656, 663 (1961). Here, although Plaintiff does set forth a laundry list of federal statutes, *see* ECF No. 1-1 ¶ 3, he does not mention Messrs. Marsico and Pittman by name and could only fancifully contend that they are participants in the ethereal fraud on the court and conspiracy to which he alludes. *See, e.g.,* ECF No. 1-1 ¶¶ 21-24, 248. Plaintiff fails to show how either a claim for fraud on the court or conspiracy will provide federal question jurisdiction under § 1331. Even a well-pled claim for fraud or conspiracy arises exclusively under state law, and cannot provide federal question jurisdiction under § 1331. Therefore, 28 U.S.C. § 1331 does not give this Court jurisdiction.

Although Plaintiff includes two paragraphs under a section titled "Diversity Jurisdiction," *see* ECF No. 1-1 ¶¶ 10-11, Plaintiff fails to establish that this Court has jurisdiction pursuant to 28 U.S.C. § 1332. In order for diversity jurisdiction to exist, there must be complete diversity between the parties, meaning that each defendant is a citizen of a different state from each plaintiff, and the "amount in controversy" must exceed $75,000. *See* 28 U.S.C. § 1332(a); *see*

*also Mims v. Renal Care Group, Inc.*, 399 F. Supp. 2d 740, 743 (S.D. Miss. 2005). Although diversity of citizenship exists between Plaintiff, a citizen of Florida, and Messrs. Marsico and Pittman, who are not citizens of Florida, Plaintiff fails to allege that other named Defendants are not also citizens of Florida. Furthermore, nowhere in the Complaint does Plaintiff allege an amount in controversy exceeding $75,000. *See generally* ECFs 1-1 and 1-2. Because Plaintiff failed to meet the diversity requirements of § 1332, his claims against Messrs. Marsico and Pittman must be dismissed on this basis as well. *See Stafford v. Conoco, Inc.*, 2009 WL 2982796, at *4 (E.D. Tex. Sept. 11, 2009) (finding no diversity jurisdiction where complaint failed to allege that a sum over $75,000 was in controversy).

## III. Plaintiff Has Failed To State A Claim For Relief.

Plaintiff purports to allege two claims against "the attorney defendants": (1) fraud upon the court; and (2) conspiracy. Plaintiff fails to state a claim for relief under Rule 12(b)(6) for either claim.

### A. Plaintiff Fails to State a Claim for Fraud Upon the Court.

First, to the extent Plaintiff is alleging an independent action for fraud upon the Court, there is no such cause of action. *See Ortega v. Young Again Prods, Inc.*, 548 F. App'x 108, 113-14 & n.4 (5th Cir. 2013) (holding there is no tort of "fraud on the court" as a matter of law); *see also Interstate Fire & Cas. Co., Inc. v. 1218 Wisconsin, Inc.*, 136 F.3d 830, 836 (D.C. Cir. 1998) (holding that fraud upon the court is not a tort and plaintiff could not maintain a cause of action for fraud upon the court); *Russell v. Principi*, 257 F.3d 815, 821 (D.C. Cir. 2001) (noting that "to date no circuit court has held that a federal cause of action exists" for alleged bad faith litigation abuse); *see also, e.g., Shirokov v. Dunlap, Grubb & Weaver, PLLC*, No. Civ. A. 10-12043-GAO, 2012 WL 1065578, at *30 (D. Mass. Mar. 27, 2012) (holding that "fraud on the court is not an

independent cause of action"). Without more, Plaintiff is seeking to assert a non-existent claim that should, therefore, be dismissed.

Even if there were such a cause of action, it would be subject to the heightened pleading standards of Rule 9(b), which provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "The circumstances which must be plead to meet the requirement of particularity are the time, place, and contents of the false misrepresentations, the person making the misrepresentation and what he obtained from the plaintiff through the misrepresentation." *Hodges v. H & R Investments, Ltd.*, 668 F. Supp. 545, 551 (N.D. Miss. 1987). While Plaintiff's complaint is full of wild accusations, it is missing the required who, what, when, where, and how regarding the alleged fraud. *See generally* ECF No. 1-1. Thus, even if there were an independent cause of action for fraud upon the court, which there is not, Plaintiff has failed to sufficiently allege such a fraud.

To the extent Plaintiff intends to allege a more general claim for common law fraud, he also fails to state a claim against Messrs. Marsico and Pittman. Under Mississippi law, the essential elements of common law fraud are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that the representation should be acted upon by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on the representation's truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury. *Anderson v. Equitable Life Assur. Soc. of U.S.*, 248 F. Supp. 2d 584, 593 (S.D. Miss. 2003) (quoting *Allen v. Mac Tools, Inc.*, 671 So.2d 636, 642 (Miss. 1996)). With respect to Messrs. Marsico and Pittman, none of these elements are, or could be, met. Moreover, again, under Rule 9(b), Plaintiff must plead with particularity matters such as the time, place, and

content of the false misrepresentations, the misrepresented fact and what the opponent retained or the claimant lost as a consequence of the alleged fraud. *See Hodges*, 668 F. Supp. at 551. Plaintiff's claim for fraud upon the court, construed as a claim for common law fraud, falls woefully short of stating a fraud claim against Messrs. Marsico and Pittman based on the absence of facts showing any of the essential elements of this claim and the failure to meet Rule 9(b)'s heightened pleading standard. Accordingly, this claim should be dismissed with prejudice as to Messrs. Marsico and Pittman.

B. Plaintiff Fails to State a Claim for Conspiracy.

Plaintiff also attempts to lodge a claim for conspiracy against Messrs. Marsico and Pittman. Notably, Mississippi law does not recognize civil conspiracy as a stand-alone tort, and Plaintiff's claims should be dismissed on this basis alone. *See Fikes v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 815, 822 (N.D. Miss. 2011) (citing *Aiken v. Rimkus Consulting Group, Inc.*, 333 F. App'x. 806, 812 (5th Cir. 2009)). With the existence of an underlying tort, to state a claim for civil conspiracy, Plaintiff must allege: "(1) two or more persons or corporations; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result." *Fikes*, 813 F. Supp. 822 (quoting *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 459 (5th Cir. 2005) (quotation marks omitted)).

Even if Plaintiff had pled an underlying tort along with his claim for conspiracy, Plaintiff would still fail to satisfy the requisite elements of any conspiracy claim. Plaintiff's civil conspiracy claim rests on vague and conclusory allegations, which have been held insufficient under similar circumstances. *See Lee Swimming Pools, LLC v. Bay Pool Co. Constr., LLC*, 2020 WL 2063865, at *6 (S.D. Miss. Apr. 29, 2020) (denying civil conspiracy

claim where there was no evidence the parties "conspired or colluded" and there was no evidence "suggestive of wrongdoing"). Plaintiff does not provide any factual allegations about the alleged conspiracy, including when and where the agreement was allegedly reached or who was allegedly involved. Plaintiff fails to identify any communications between Messrs. Marsico and Pittman and another individual that allegedly led to a conspiracy. Plaintiff also fails to allege any conduct of Messrs. Marsico and Pittman to support a claim for conspiracy. The Complaint alleges nothing other than factually devoid conclusory allegations regarding the existence of an alleged conspiracy. Under the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), Plaintiff's implausible and factually unsupported allegations are legally inadequate to support his purported conspiracy theory. Therefore, Plaintiffs claim for conspiracy against Messrs. Marsico and Pittman should be dismissed with prejudice.

## CONCLUSION

Based on the foregoing, Defendants Leonard J. Marsico and Nathan R. Pittman respectfully requests that the Court enter an order (i) granting Messrs. Marsico and Pittman's motion to dismiss; (ii) dismissing the Complaint with prejudice as to Messrs. Marsico and Pittman; and (iii) for such other and further relief as the Court deem necessary and just.

Dated: June 8, 2020                  Respectfully submitted,

Leonard J. Marsico
D.C., Bar No. 1005499
*lmarsico@mcguirewoods.com*

Nathan R. Pittman
D.C. Bar No. 1034420
*npittman@mcguirewoods.com*

McGuireWoods LLP
2001 K Street N.W., Suite 400
Washington, D.C. 20006-1040
Telephone: 202-828-1700
Facsimile: 202-857-1737
*Pro Se*

# CERTIFICATE OF SERVICE

I hereby certify that on this June 8, 2020, a true and correct copy of the foregoing was

served upon all parties of record via first class mail, postage pre-paid to:

Derrick B. Tartt
1714 NW 192nd Street
Miami Gardens, Florida 33056
*Pro se Plaintiff*

United States of America
A. Craig Lawrence, Katherine Palmer-Ball
US Attorneys
555 4th St., NW,
Washington, D.C. 20530

Gordon Rees Scully
1300 I St., NW, Suite 825
Washington D.C. 20005

M. Patrick Yingling
10 S. Wacker Dr. Suite 4000
Chicago, IL 60606

Leonard J. Marsico
Pro Se